1   RODGER R. COLE (CSB NO. 178865)
    rcole@fenwick.com
2   JENNIFER L. KELLY (CSB NO. 193416)
    jkelly@fenwick.com
3   MARY E. MILIONIS (CSB NO. 238827)
    mmilionis@fenwick.com
4   FENWICK & WEST LLP
    801 California Street
5   Mountain View, CA  94041
    Telephone:   (650) 988-8500
6   Facsimile:    (650) 938-5200

7   Attorneys for Plaintiffs-Counterclaim Defendants
    CAPCOM CO., LTD. and
8   CAPCOM ENTERTAINMENT, INC. and
    Third-Party Defendant, CAPCOM U.S.A., INC.

9
    ALLEN J. BADEN
10  abaden@kenyon.com
    MARK YUAN (CSB NO. 246146)
11  myuan@kenyon.com
    KENYON & KENYON LLP
12  River Park Towers
    333 W. San Carlos Street, Suite 600
13  San Jose, CA  95110
    Telephone:   (408) 975-7500
14  Facsimile:    (408) 975-7501
    Attorneys for Defendant, Counterclaim-Plaintiff
15  and Third-Party Plaintiff, THE MKR GROUP, INC.

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                     SAN FRANCISCO DIVISION

19

20  CAPCOM CO., LTD. and CAPCOM        Case No.  3:08-CV-00904 (JSW)
    ENTERTAINMENT, INC.,
21                                     **JOINT CASE MANAGEMENT
                 Plaintiffs,           CONFERENCE STATEMENT AND
22                                     FED. R. CIV. P. 26(f) REPORT**
          v.
23                                     Date:        May 30, 2008
    THE MKR GROUP, INC.,               Time:        1:30 p.m.
24                                     Courtroom: 2, 17th Floor
                 Defendant.           Judge:       The Honorable Jeffrey S. White
25
                                       Complaint Filed:  February 12, 2008
26
    _____
27  Caption Continues

28

THE MKR GROUP, INC.,

     Counterclaim-Plaintiff
     and Third-Party Plaintiff,

  v.

CAPCOM CO., LTD. and CAPCOM
ENTERTAINMENT, INC.,

     Counterclaim-Defendants,

and

CAPCOM U.S.A., INC.,

     Third-Party Defendant.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rules 16-8 and 16-9, Plaintiffs-Counterclaim Defendants Capcom Co., Ltd. ("Capcom Japan") and Capcom Entertainment, Inc. ("CEI") and Third-Party Defendant Capcom U.S.A., Inc. ("Capcom U.S.A.") (collectively, "Capcom") and Defendant, Counterclaim-Plaintiff and Third-Party Plaintiff The MKR Group, Inc. ("MKR") respectfully submit their Joint Case Management Conference Statement and Rule 26(f) Report.

## I.  JURISDICTION AND SERVICE

This action arises under the Declaratory Judgment Act, 28 U.S.C. §2201, the Copyright Act, 17 U.S.C. § 101 *et seq*., and the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has subject matter jurisdiction over the claims asserted herein under 15 U.S.C. 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental subject matter jurisdiction over the pendent state law claims under 28 U.S.C. § 1367. The parties are not aware of any issues with respect to personal jurisdiction or venue. MKR has been served and has answered the Complaint. Capcom U.S.A. accepted service of the Third-Party Complaint on May 20, 2008 and Capcom has until June 9, 2008 to respond to MKR's Counterclaims and Third-Party Complaint.

## II.  FACTS

### A.  Chronology as Prepared by MKR

1.  MKR's predecessor-in-interest licensed the original "GEORGE A. ROMERO'S

DAWN OF THE DEAD" motion picture for theatrical distribution in 1979.  The film was initially released in 400 theatres across the USA.

2.    In 2004, Universal Pictures released a remake of "GEORGE A. ROMERO'S DAWN OF THE DEAD" (the "2004 Remake") under license from MKR.

3.    In April 2004, Capcom approached MKR and inquired if the video game adaptation rights to either "GEORGE A. ROMERO'S DAWN OF THE DEAD" or the 2004 Remake were available.  MKR responded affirmatively, but Capcom failed to pursue the matter further, and no license was ever negotiated or granted.

4.    In or about March 2006, MKR discovered that Capcom was proceeding with "DEAD RISING", and MKR placed Capcom on notice of its objection based on MKR's allegations of similarities between the major elements of "DEAD RISING" and "GEORGE A. ROMERO'S DAWN OF THE DEAD" and the 2004 Remake, as well as on comments by the game industry press.  Such notice was conveyed by a letter dated March 17, 2006 from MKR's agent, New Line Cinema Corporation.

5.    In August 2006, Capcom released "DEAD RISING" without MKR's consent or authorization.  Capcom placed a "notice" on the packaging for "DEAD RISING" which reads:

> "THIS GAME WAS NOT DEVELOPED,
> APPROVED OR LICENSED BY THE OWNERS
> OR CREATORS OF GEORGE A. ROMERO'S
> DAWN OF THE DEAD"

This "notice" was neither authorized nor requested by MKR.  Capcom also displays a zombie head logo on the packaging for "DEAD RISING" which MKR alleges is almost identical to MKR's trademark registered zombie head.

### B.    Capcom's Response to MKR's Chronology

In 1968 the horror classic "NIGHT OF THE LIVING DEAD" was released.  Directed by Mr. Romero and co-written by him and John Russo, it tells the story of the first day and night after a mysterious radiation probe from Venus appears to bring the dead back to life.  These

"zombies" then proceed to hunt for and feast on human flesh.  The plot focuses on a small group of survivors who barricade themselves into a farm house and attempt to survive the night.  Due to an improper copyright notice, "NIGHT OF THE LIVING DEAD" fell into the public domain and MKR claims no rights in the film.

In 1978, Mr. Romero followed up "NIGHT OF THE LIVING DEAD" with "GEORGE A. ROMERO'S DAWN OF THE DEAD."  The second film picks up a few days after the first focusing on four individuals surviving in a typical suburban mall of the 1970's from an unexplained zombie horde.  A remake directed by Zack Snyder entitled "DAWN OF THE DEAD" was released in 2004.

Capcom has developed a video game entitled "DEAD RISING."  "DEAD RISING" is a single player game for the Xbox 360, Microsoft's proprietary game platform, where photojournalist Frank West seeks the story of his lifetime.  Learning that the army has quarantined Willamette, Colorado, he travels to Willamette Mall and spends the next three days seeking to explain why the town's residents turned into zombies and what the military is covering up.  Along the way he gets a chance to kill thousands of zombies with objects found in the mall.

After receiving MKR's March 17, 2006 letter, the parties attempted to resolve their dispute in advance of the North American release of Dead Rising in August 2006 to no avail.  Even still, MKR has never attempted to enjoin the distribution, marketing or sale of "DEAD RISING."

Although Capcom strongly disputed then, as it does now, that "DEAD RISING" impermissibly appropriates any of MKR's intellectual property rights, Capcom nonetheless placed the above quoted "notice" on the packaging for "DEAD RISING."  While the packaging also shows pictures of the zombies in the game and their heads, Capcom disputes MKR's characterization that the packaging of "DEAD RISING" contains anything remotely similar to MKR's zombie head logo.

For eighteen months after the games release, the parties participated in sporadic settlement negotiations.  Then on February 6, 2008, MKR sent a letter to Capcom enclosing a draft complaint for, *inter alia*, copyright and trademark infringement.  In addition to Capcom Japan and

Capcom U.S.A., the draft complaint also named two key Capcom business partners.  Capcom did not substantively respond to the letter and instead filed the complaint in this action seeking declaratory relief.  On February 25, 2008, MKR filed a mirror-image lawsuit against Capcom in the U.S. District Court for the Southern District of New York, Civil Action No. 08 CV 01856 (the "New York Action").  MKR later dismissed the New York Action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

C. **Facts in Dispute**

The following is a list of the respective parties' factual positions that are disputed by the other party.

1. Capcom's Position.

- The concept of combining zombies with a shopping mall is an unprotectible and generic idea.

- To the extent that there are any similarities between "DEAD RISING" and either "GEORGE A ROMERO'S DAWN OF THE DEAD" or "DAWN OF THE DEAD," they are based on the wholly unprotectible idea of humans battling zombies in a shopping mall, and that this unprotectible idea will necessarily yield similarities of ideas, materials in the public domain, facts, *scenes a faire*, and other tivial and random similarities that cannot give rise to a copyright, trademark, or unfair competition claim.

- That "DEAD RISING" was independently created.

- That no appreciable part of the relevant public has come to associate "GEORGE A ROMERO'S DAWN OF THE DEAD," "DAWN OF THE DEAD," or the zombie head logo with MKR and that those marks do not serve in the minds of the public to identify the source of MKR's goods and services.

- There is no likelihood of actual confusion by consumers regarding the source and origin of "DEAD RISING."

- Whether "GEORGE A. ROMERO'S DAWN OF THE DEAD" and/or "DAWN OF THE DEAD" are famous marks.

- That the images of zombies on the packaging for "DEAD RISING" do not constitute "colorable imitations" of MKR's zombie head logo.

2.    MKR's Position.

- The title "GEORGE A. ROMERO'S DAWN OF THE DEAD" and certain elements in the film and its marketing have developed substantial secondary meaning and recognition among consumers and the trade.

- Capcom effectively markets "DEAD RISING" as a video game version of MKR's "GEORGE A. ROMERO'S "DAWN OF THE DEAD" motion pictures;

- Capcom's "DEAD RISING" game exploits certain well-established elements of MKR's "GEORGE A. ROMERO'S DAWN OF THE DEAD" motion pictures and certain promotional elements as well.

- Capcom has capitalized on the 30 plus years of worldwide recognition and fame of horror film director George A. Romero, who is the highly acclaimed director of MKR-owned "GEORGE A. ROMERO'S DAWN OF THE DEAD" motion picture, and on the worldwide fame, critical and economic success connected with the title "DAWN OF THE DEAD," by using the similar title "DEAD RISING," and by placing a "notice" on the packaging for "DEAD RISING" when there was no material confusion to dispel, which reads: "THIS GAME WAS NOT DEVELOPED, APPROVED OR LICENSED BY THE OWNERS OR CREATORS OF GEORGE A. ROMERO'S DAWN OF THE DEAD";

- Capcom takes advantage of the public's and the trade's awareness of MKR's "GEORGE A. ROMERO'S DAWN OF THE DEAD" in marketing "DEAD RISING"; and

- MKR has suffered damages arising from Capcom's conduct as alleged in its Counterclaims and Third-Party Complaint.

## III.    LEGAL ISSUES IN DISPUTE

The following legal issues are in dispute:

- Whether Capcom's "DEAD RISING" infringes MKR's copyright rights under 17 U.S.C. § 501 *et seq.*;

- Whether Capcom's "DEAD RISING" violates the Lanham Act (15 U.S.C. §§ 1051 *et seq.*; 1114(1); and 15 U.S.C. § 1125 *et seq.*);

- Whether Capcom's "DEAD RISING" violates California Business and Professions Code Sections 17200 *et seq.* and 14330;

- Whether Capcom's "DEAD RISING" constitutes trademark infringement, unfair competition, misappropriation and dilution under the common law of the State of California; and

- Whether MKR has suffered damage and injury as a result of Capcom's activities alleged in MKR's Counterclaims and Third-Party Complaint.

- Whether MKR's "GEORGE A ROMERO'S DAWN OF THE DEAD" and "DAWN OF THE DEAD" are valid and enforceable trademarks.

## IV.   MOTIONS

Capcom will file a motion (under Fed. R. Civ. P. 12(b)(6)) by June 9, 2008 seeking to dismiss MKR's Counterclaims and Third-Party Complaint.  Capcom intends to notice the motion for hearing on August 8, 2008, and the parties have agreed the MKR's opposition papers will be filed and served on June 30 and Capcom's reply papers will be filed and served on July 14.  The parties request that the Court allow 25 pages for the opening and opposing briefs and 15 pages for the reply brief.

Since the accused work — "DEAD RISING" — is a video game that can only be played on Microsoft's Xbox 360 platform, Capcom is prepared to provide the Court with an Xbox 360 and copy of the game for the Court's assessment of the works.  Capcom understands it needs a specific order from this Court to deliver an Xbox 360 to the Court.

## V.   AMENDMENT OF PLEADINGS

Neither party anticipates any amendments to its pleadings.  The final day for the parties to file a motion to add parties or amend pleadings is August 30, 2008.

## VI.   EVIDENCE PRESERVATION

The parties have suspended any document destruction policies or procedures to the extent any exist, and have represented that they are in compliance with evidence preservation requirements.

## VII.   DISCLOSURES

The parties will exchange initial disclosures on May 30, 2008.

## VIII.   DISCOVERY

### A.   Anticipated Discovery

No discovery has been taken to date.  The parties anticipate propounding written discovery, including document requests, interrogatory requests and requests for admission, as well as deposition discovery which may be videotaped.

#### 1.   MKR's Position on Foreign Discovery

1    MKR requests that all of Capcom's production documents and witnesses located in Japan,

2    be produced in the U.S., as Capcom filed suit here.

3                        2.    **Capcom's Position on Foreign Discovery**

4    Although Capcom intends on complying with the Civil Discovery Act in all respects,

5    including those provisions relevant to discovery sought from parties located in foreign nations, to

6    the extent Capcom is not obliged to produce documents and witnesses in the Northern District of

7    California it does not intend to make them available here.  Capcom requests that MKR instead

8    comply with the relevant treaties between the United States and Japan and Japanese law.

9    Moreover, any burden claimed by MKR will be substantially offset as Capcom will be obligated

10    to travel to New York for the depositions of MKR, its principal Richard P. Rubinstein, and other

11    MKR-affiliated witnesses.

12    **B.    Capcom's Statement Regarding Subjects on Which Discovery May Be**
       **Needed**

13

14    Without limitation, Capcom will seek discovery on the following topics:

15    - The creation, authorship, development and production of "GEORGE A. ROMERO'S DAWN OF THE DEAD;"

16    - The creation, authorship, development and production of "DAWN OF THE DEAD"

17

18    - The creation, authorship, development and production of Mr. Romero's other films including, but not limited to, Night of the Living Dead, Day of the Dead, Land of the Dead and Diary of the Dead;

19

20    - The creation, authorship, development and production of MKR's other films;

21    - MKR's licensing of rights to "GEORGE A. ROMERO'S DAWN OF THE DEAD;"

22    - Stock elements of the horror and/or zombie movie genre and examples of movies, books, video games and other media exhibiting those elements;

23

24    - MKR's affiliation to and relationship with New Line Cinema; and.

25    - MKR's affiliation to and relationship with New Amsterdam Entertainment, Inc.

26    **C.    MKR's Statement Regarding Subjects on Which Discovery May Be Needed**

27    Without limitation, MKR will seek discovery on the following topics:

28

- Capcom's inquiry to MKR as to whether the video game adaptation rights to either "GEORGE A. ROMERO'S DAWN OF THE DEAD" or the 2004 Remake were available;

- The development of "DEAD RISING";

- The marketing of "DEAD RISING";

- Revenues generated by sales of "DEAD RISING";

- Capcom's dealings with Microsoft, Best Buy, and other distributors and retailers of "DEAD RISING";

- Capcom's dealings with advertising agencies, public relations firms, and the media regarding "DEAD RISING"; and

- Capcom's plans or actions to date with respect to sequels, prequels, spinoffs, remakes or other derivative works or ancillary products based upon "DEAD RISING".

**D.     Changes to Discovery Limitations**

At this time, the parties do not propose any changes to the limitations on discovery provided by the Federal Rules of Civil Procedure or the local rules of this district.  The parties propose to take initial discovery, in order to explore the scope of any necessary expansion, before making a specific proposal, if any, regarding expansion of discovery limitations.

**E.     Protective Order**

The parties plan to enter into a protective order governing the exchange of confidential information in this action.

**IX.     CLASS ACTIONS**

Not applicable.

**X.     RELATED CASES**

In 2006, MKR discovered that Capcom Co., Ltd. had applied to register "DEAD RISING" as a trademark in the United States Patent and Trademark Office (the "USPTO") under Application Serial No. 78/633,771.  On January 29, 2007, MKR filed a Notice of Opposition (No. 91175392) against this application before the Trademark Trial and Appeal Board of the USPTO. This opposition proceeding is in suspension pending the outcome of this litigation.

**XI.     RELIEF**

MKR seeks injunctive relief enjoining Capcom from exploiting any sequels, prequels,

spinoffs, use of major characters from "DEAD RISING", remakes or other derivative works or ancillary products based upon "DEAD RISING".  In addition, MKR seeks an award of Capcom's profits and MKR's damages resulting from Capcom's acts set forth as alleged in the Counterclaims and Third-Party Complaint; punitive damages; and attorneys' fees.

Capcom seeks a judicial declaration that "DEAD RISING" does not violate any of MKR's rights.  Capcom is not claiming any compensatory damages although it does seek attorneys' fees and costs, the exact amount of which it will determine at the end of the case.

## XII.    SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

The parties appeared to make progress in settlement negotiations over the past two years.  However, several issues remain outstanding.  By Order of the Court, the deadline to complete Court-sponsored mediation is 60 days from the date the Court issues a ruling on Capcom's motion to dismiss, which shall be filed by June 9, 2008.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to proceed before a Magistrate Judge for all purposes.

## XIV.   OTHER REFERENCES

Capcom does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.    AT THIS TIME, MKR DOES NOT BELIEVE THAT THIS CASE IS SUITABLE FOR REFERENCE TO BINDING ARBITRATION, A SPECIAL MASTER, OR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.NARROWING OF ISSUES

Capcom anticipates that the issues will be narrowed through its anticipated motion to dismiss MKR's counterclaims and third-party complaint.  The parties have not otherwise agreed to narrow the issues.

## XVI.   EXPEDITED SCHEDULE

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

# XVII.  PROPOSED SCHEDULING

## A.    Capcom's Proposed Schedule

| EVENT | DATE |
|---|---|
| Deadline to File Joint Case Mgmt Statement/Rule 26(f) Report | May 23, 2008 |
| Initial Case Mgmt Conference | May 30, 2008 @ 1:30pm |
| Last day to file motion to dismiss | June 9, 2008<br>Briefing schedule:<br>Oppos due June 30, 2008<br>Reply due July 14, 2008<br>Hearing on August 8, 2008 at 9:00 am<br><br>Briefs:  25 pages moving and opposition; 15 pages on reply. |
| Last day to request leave to add any new parties or amend pleadings | August 8, 2008 |
| Designation of experts | February 6, 2009 |
| Last day to complete non-expert discovery | February 27, 2009 |
| Last day for opening expert reports | March 20, 2009 |
| Last day for opposition expert reports | April 24, 2009 |
| Last day to complete expert discovery | May 29, 2009 |
| Last day to file dispositive motions, to be heard on a 35 day track | June 12, 2009 |
| Last hearing date on which dispositive motions may be heard | July 17, 2009 |
| Final pretrial conference | October 2, 2009 |
| Commencement of jury trial (approximately 7-10 trial days) | November 2, 2009 |

**B.**     **MKR's Proposed Schedule**

| EVENT | DATE |
|---|---|
| Deadline to File Joint Case Mgmt Statement/Rule 26(f) Report | May 23, 2008 |
| Initial Case Mgmt Conference | May 30, 2008 @ 1:30pm |
| Capcom's Rule 12(b)(6) Motion | June 9, 2008 |
| Court Sponsored Meditation Within 60 days of the Court's Ruling on Capcom's Rule 12(b)(6) Motion | To Be Determined |
| Deadline to file motion to add parties or amend pleadings/ Initial Disclosures | August 30, 2008 |
| Completion of all fact discovery | December 30, 2008 |
| Deadline to file any fact discovery motions | January 31, 2009 |
| Exchange expert disclosures/reports | March 31, 2009 |
| Exchange rebuttal expert disclosures/reports | April 30, 2009 |
| Completion of all expert discovery | July 31, 2009 |
| Deadline to file any expert discovery motions | June 15, 2009 |
| Deadline to file summary judgment motions | Oct. 31, 2009 |
| Final Pretrial Conference | March 15, 2010 |
| Trial (approximately a week) | April 1, 2010 |

**XVIII.** **TRIAL**

MKR demands a jury trial, and estimates that the trial will take approximately one week. Capcom anticipates that trial will take between seven and ten trial days.

**XIX.** **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Capcom reiterates that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

1    financial interest in that subject matter or in a party that could be substantially affected by the

2    outcome of this proceeding:  Microsoft Corporation (manufacturer of Xbox 360, the video game

3    platform on which Dead Rising video games are played), and Best Buy Co., Inc. (major retailer of

4    the Dead Rising video game). MKR reiterates that the following listed persons, associations of

5    persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have

6    a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have

7    a non-financial interest in that subject matter or in a party that could be substantially affected by

8    the outcome of this proceeding: (1)  New Line Cinema Corporation – The MKR Group, Inc.'s

9    merchandising agent for its "GEORGE A. ROMERO'S DAWN OF THE DEAD" film franchise; and

10   (2) Time Warner Inc. – parent of New Line Cinema Corporation.

11
12   Dated: May 23, 2008                    FENWICK & WEST LLP

13

14                                          By: _____/s/ Mary E. Milionis_____
                                               Rodger R. Cole (CSB No. 178865)
15                                             Jennifer L. Kelly (CSB No. 193416)
                                               Mary E. Milionis (CSB No. 238827)
16
                                               Attorneys for Plaintiffs-Counterclaim
17                                             Defendants CAPCOM CO., LTD. and
                                               CAPCOM ENTERTAINMENT, INC. and
18                                             Third-Party Defendant CAPCOM U.S.A., INC.

19
     Dated: May 23, 2008                    KENYON & KENYON LLP
20

21
                                            By: _____/s/ Mark Yuan _____
22                                             Allen J. Baden
                                               Mark Yuan (CSB No. 246146)
23
                                               Attorneys for Defendant, Counterclaim-
24                                             Plaintiff and Third-Party Plaintiff
                                               THE MKR GROUP, INC.
25

26

27

28

1

## <u>ATTESTATION PURSUANT TO GENERAL ORDER 45</u>

2

  I, Mary E. Milionis, attest that concurrence in the filing of this document has been

3

obtained from any signatories indicated by a "conformed" signature (/s/) within this e-filed

4

document.

5

  I declare under penalty of perjury under the laws of the United States of America that the

6

foregoing is true and correct.  Executed this 23rd day of May, 2008, at San Francisco, California.

7

8

Dated: May 23, 2008      FENWICK & WEST LLP

9

10

          By:  /s/ Mary E. Milionis
              Mary E. Milionis

11

          Attorneys for Plaintiffs-Counterclaim

12

          Defendants CAPCOM CO., LTD. and CAPCOM
          ENTERTAINMENT, INC. and Third-Party

13

          Defendant CAPCOM U.S.A., INC.

14

15

16

25750/00400/LIT/1285810.2

17

18

19

20

21

22

23

24

25

26

27

28