1  RODGER R. COLE (CSB NO. 178865)
   rcole@fenwick.com
2  FENWICK & WEST LLP
   Silicon Valley Center
3  801 California Street
   Mountain View, CA 94041
4  Telephone:   (650) 988-8500
   Facsimile:   (650) 938-5200
5
   JENNIFER L. KELLY (CSB NO. 193416)
6  jkelly@fenwick.com
   MARY E. MILIONIS (CSB NO. 238827)
7  mmilionis@fenwick.com
   FENWICK & WEST LLP
8  555 California Street, 12th Floor
   San Francisco, CA 94104
9  Telephone:   (415) 875-2300
   Facsimile:   (415) 281-1350

10 Attorneys for Plaintiffs and Counterclaim-
   defendants Capcom Co., Ltd. and Capcom
11 Entertainment, Inc., and Third Party Defendant
   Capcom U.S.A., Inc.

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                     SAN JOSE DIVISION

15

16 | CAPCOM CO., LTD. AND CAPCOM         | Case No.  CV-08-0904 RS
     ENTERTAINMENT, INC.,
17 |                                     | **AMENDED [PROPOSED] ORDER
             Plaintiffs,                   GRANTING PLAINTIFFS' AND THIRD-
18 | v.                                  | PARTY DEFENDANT'S MOTION TO
                                           DISMISS AMENDED COUNTERCLAIMS
19 | THE MKR GROUP, INC.,                | AND THIRD PARTY COMPLAINT**

20           Defendant.                  | **[Fed. R. Civ. Proc. 12(b)(6)]**

21 | THE MKR GROUP, INC.,                | Date:      September 3, 2008
                                           Time:      9:30 a.m.
22           Counterclaim-Plaintiff and  | Courtroom: 4, 5th Floor
             Third-Party Plaintiff,        Judge:     The Hon. Richard Seeborg
23 | v.

24 | CAPCOM CO., LTD. AND CAPCOM
     ENTERTAINMENT, INC.,
25           Counterclaim-Defendants,

26 | and

27 | CAPCOM U.S.A, INC.,

28           Third-Party Defendant.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    The Motion to Dismiss Counterclaim-Plaintiff The MKR Group, Inc.'s ("MKR")
2    Amended Counterclaims and Third-Party Complaint brought by Plaintiffs and Counterclaim-
3    Defendants Capcom Co., Ltd. and Capcom Entertainment, Inc., and Third Party Defendant
4    Capcom U.S.A., Inc. (collectively, "Capcom") for failure to state a claim under Federal Rule of
5    Civil Procedure 12(b)(6) came on regularly for hearing before this Court on September 3, 2008, at
6    9:30 a.m., in Courtroom 4, 5th Floor.  Both Capcom and MKR were represented by counsel.
7    After full consideration of the briefs in support and in opposition thereto, all other papers
8    submitted in connection therewith, all other matters on file in this action and presented to the
9    Court, and having heard the arguments of counsel,
10   IT IS HEREBY ORDERED that Capcom's Motion is **GRANTED** as follows:

11   **I.    MKR'S FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT**

12   MKR asserts in its Opposition to Capcom's Motion to Dismiss that under the Ninth
13   Circuit's rationale in *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002) (finding that "the
14   particular sequence in which an author strings a significant number of unprotectable elements can
15   itself be a protectable element"), that Capcom's video game *Dead Rising* infringes its 1979
16   motion picture entitled *George A. Romero's Dawn of the Dead* ("DOTD").  However, an
17   examination of the works at issue shows that similarities claimed by MKR are not "striking" as
18   *Metcalfe* requires.  Nor do they constitute a "common pattern[]" between a "significant" number
19   of unprotectable elements relating to both the works' characters and their interactions.  *Id*. at
20   1074-1075.  Having failed to identify any common sequences between the works or other striking
21   similarities, MKR has not met the high threshold set by *Metcalfe*.  *See Zella v. E.W. Scripps Co.*,
22   529 F. Supp. 2d 1124, 1138 (C.D. Cal. 2007) ("courts have been reluctant to expand this concept
23   beyond the clear-cut case presented in *Metcalf*"); *Identity Arts v. Best Buy Enter. Servs. Inc.*, 2007
24   U.S. Dist. LEXIS 32060, *80 (N.D. Cal. Apr. 18, 2007) ("in *Metcalf*, the 'many' generic
25   similarities and patterns present in the works were much more voluminous and specific than in
26   this case"); *Bethea v. Burnett*, 2005 WL 1720361, *14-15 (C.D. Cal. June 28, 2005) ("[w]hen
27   taken separately or as a whole, the common elements of *C.E.O*. and *The Apprentice* simply do not
28   allow for a reasonable inference that the works are substantially similar in expressive content");

*Rice v. Fox. Broad. Co.,* 330 F.3d 1170, 1178-89 (9th Cir. 2003) (*Metcalf* inapplicable because case did not involve the "same pattern of generic similarities").

Turning then to the individual elements present in *Dead Rising* which MKR asserts infringe DOTD, those elements, as evaluated under the extrinsic test, are not protected under copyright law. *Funky Films, Inc. v. Time Warner Entm't Co.*, *L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006):

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| (1) Humans battle zombies in a mall accessed via helicopter during zombie outbreak | **ELEMENT UNPROTECTABLE**<br>(1) Copyright law does not protect basic plot ideas. *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir.1985) ("General plot ideas are not protected by copyright law; they remain forever the common property of artistic mankind"); *Williams v. Crichton*, 84 F.3d 581, 589-590 (2d Cir. 1996); *Funky Films, Inc. v. Time Warner Entm't Co.*, *L.P.*, 462 F.3d 1072, 1081 (9th Cir. 2006); *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994); *Thomas v. Walt Disney Co.*, 2008 U.S. Dist. LEXIS 14643, *10 (N.D. Cal. Feb. 14, 2008); *Bethea v. Burnett*, 2005 WL 1720631, *11 (C.D. Cal. June 28, 2005).<br><br>(2) Humans fighting zombies, in a confined space, during a zombie outbreak, are stock elements of the zombie genre unoriginal to MKR. Examples of other works in the genre employing these stock elements include *Night of the Living Dead* (survivors barricaded in a farmhouse; rescuers arrive via helicopter); *Night of the Comet* (survivors scavenge for supplies and loot an abandoned mall); *Shaun of the Dead* (survivors barricade themselves in a pub); *Planet Terror* (survivors hide in a restaurant; use helicopter to kill zombies); *28 Days Later* (survivors take refuge and scavenge for supplies in various abandoned locations); *28 Weeks Later* (survivors escape zombie horde via helicopter); *Resident Evil* (game) (survivors hole up in mansion; some escape via helicopter); *Urban Dead* (survivors hide out in resource buildings including a Monroeville Mall). MKR's claimed similarities are stock elements unprotected by copyright. *See Olson v. NBC, Inc.*, 752 F.2d 1446, 1451 (9th Cir. 1988); | MKR cannot support a finding of substantial similarity on the grounds that *Dead Rising* employs the idea of humans battling zombies in a mall, accessed via helicopter, during a zombie outbreak as there is:<br><br>(1) No protection for basic plot ideas\_\_\_\_\_<br><br>(2) No protection for stock elements of genre\_\_\_\_\_<br><br>(3) No protection for *scenes a faire* \_\_\_\_ |

FENWICK & WEST LLP  ATTORNEYS AT LAW  MOUNTAIN VIEW

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| | *Bethea*, 2005 WL 1720631, *12, 14; *Dick Clark Co., Inc. v. Alan Landsburg Prods., Inc.*, 1985 WL 1077775 (C.D. Cal. June 13, 1985). | |
| (2) Use of comedy | **ELEMENT UNPROTECTABLE**<br><br>(1) The use of comedy in *Dead Rising* is an unprotectable general concept. *Berkic*, 761 F.2d at 1293-94.<br><br>(2) Use of comedy is a stock element of the zombie and horror genres. Examples of other works in the zombie genre employing comedy include *Shaun of the Dead* (comedic send-up of the zombie genre); *Night of the Comet* (mall looting scenes used for comedic relief); *Plan 9 From Outer Space* (classic B-movie shtick with zombies). MKR's claimed similarities are stock elements unprotected by copyright. *See Olson*, 752 F.2d at 1451; *Bethea*, 2005 WL 1720631, *12, 14; *Dick Clark Co.*, 1985 WL 1077775.<br><br>(3) Use of quotidian objects to kill zombies and comedic result is an unprotected *scenes a faire* as it necessarily follows that survivors will use whatever objects are at hand to fend off zombie attacks. *See Berkic*, 761 F.2d at 1293 ("all situations and incidents which flow naturally from a basic plot premise"); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1177 (9th Cir. 2003); *Williams*, 84 F.3d at 589; *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 310 (S.D.N.Y. 1999). | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising* uses comedy as there is:<br><br>(1) No protection for general concepts_____<br><br>(2) No protection for stock elements of genre_____<br><br>(3) No protection for *scenes a faire* _____ |
| (3) Use of blood, violence and gore | **ELEMENT UNPROTECTABLE**<br><br>(1) The use of blood, violence and gore in *Dead Rising* is an unprotectable general concept. *Berkic*, 761 F.2d at 1293-94.<br><br>(2) The use of blood, violence and gore is a defining stock element of the zombie and horror genres. Examples of other works employing blood, violence and gore include *Night of the Living Dead* (bloody, violent and gory); *Shaun of the Dead* (bloody, violent and gory); *Planet Terror* (bloody, violent and gory); *28 Days Later* (bloody, violent and gory); *28 Weeks Later* (bloody, violent and gory); *Resident Evil* series of | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising* uses blood, violence and gore as there is:<br><br>(1) No protection for general concepts_____<br><br>(2) No protection for stock elements of genre_____<br><br>(3) No protection for *scenes a faire* _____ |

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| | movies (bloody, violent and gory); *Resident Evil* series of video games (bloody, violent and gory). MKR's claimed similarities are stock elements unprotected by copyright. *See Olson*, 752 F.2d at 1451; *Bethea*, 2005 WL 1720631, *12, 14; *Dick Clark Co.*, 1985 WL 1077775.<br><br>(3) Use of blood, violence and gore in a zombie film is an unprotected *scenes a faire* as it flows naturally from the basic plot premise of zombies attacking survivors. *See Berkic*, 761 F.2d at 1293; *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1177 (9th Cir. 2003); *Williams*, 84 F.3d at 589; *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 310 (S.D.N.Y. 1999). | |
| (4) Mall is "rural" and bi-level, with gun store and helipad | **ELEMENT UNPROTECTABLE**<br><br>(1) Copyright law does not protect basic plot ideas. *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir.1985) ("General plot ideas are not protected by copyright law; they remain forever the common property of artistic mankind"); *Williams v. Crichton*, 84 F.3d 581, 589-590 (2d Cir. 1996); *Funky Films*, 462 F.3d at 1081; *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994); *Thomas v. Walt Disney Co.*, 2008 U.S. Dist. LEXIS 14643, *10 (N.D. Cal. Feb. 14, 2008); *Bethea v. Burnett*, 2005 WL 1720631, *11 (C.D. Cal. June 28, 2005).<br><br>(2) The setting of a bi-level mall with gun store and helipad is too abstract to merit copyright protection. *See Funky Films*, 462 F.3d at 1080 (setting of "contemporary, family-run funeral home" unprotectable); *Williams*, 84 F.3d at 589 (setting of "dinosaur zoo or adventure park, with electrified fences, automated tours, dinosaur nurseries, and uniformed workers" unprotectable because it "flow[ed] from the uncopyrightable concept of a dinosaur zoo"); *Walker*, 784 F.2d at 50 (setting of police station in the 41st precinct of the south Bronx unprotectable); *Thomas*, 2008 U.S. Dist. LEXIS 14643, *16-17 (setting of a reef in the ocean and a fish tank unprotectable | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising* is set in a rural and bi-level mall with a gun store and helipad as there is:<br><br>(1) No protection for basic plots____<br><br>(2) No protection for abstract settings ____<br><br>(3) No protection for stock elements of genre ____<br><br>(4) No protection for *scenes a faire* ____<br><br>(5) No protection when the idea has merged with the expression____<br><br>(6) No infringement when the works are not similar____ |

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| | because it "'naturally and necessarily flows from the basic plot premise' of a fish captured from the ocean and put into a fish tank"). (3) Rural location of the mall and the inclusion of a gun store for weaponry and a helipad for escape helicopter are unprotected *scenes a faire* as they naturally flow from the basic plot premise of survivors holing up in a remote location replete with supplies and weaponry. *See Berkic*, 761 F.2d at 1293; *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1177 (9th Cir. 2003); *Williams*, 84 F.3d at 589; *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 310 (S.D.N.Y. 1999). (4) These elements are unprotectable under the merger doctrine as there only a limited number of ways to portray the basic idea of humans battling zombies during a massive zombie outbreak in that this idea requires a large-sized structure stocked with supplies and weapons. Additionally, travel by helicopter is necessary when the roads have been blocked by security forces. *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1444 (9th Cir. 1994); *see also Data East USA, Inc. v. Epyx, Inc.*, 862 F.2d 204, 209 (9th Cir. 1998); *Dick Clark*, 1985 WL 1077775, *1, *3. (5) The use of malls and other resource buildings, best accessed through helicopters, is a stock element of the zombie and horror genres. Examples of other works in the genre employing these stock elements include *Night of the Living Dead* (survivors barricaded in a farmhouse; rescuers arrive via helicopter); *Night of the Comet* (survivors scavenge for supplies and loot an abandoned mall); *Shaun of the Dead* (survivors barricade themselves in a pub); *Planet Terror* (survivors hide in a restaurant; use helicopter to kill zombies); *28 Days Later* (survivors take refuge and scavenge for supplies in various abandoned locations); *28 Weeks Later* (survivors escape zombie horde via helicopter); *Resident Evil* (game) (survivors hole up in mansion; some escape via helicopter); and *Urban Dead* (survivors | |

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| | hide out in resource buildings including a Monroeville Mall). MKR's claimed similarities are stock elements unprotected by copyright. *See Olson*, 752 F.2d at 1451; *Bethea*, 2005 WL 1720631, *12, 14; *Dick Clark Co.*, 1985 WL 1077775.<br><br>**LACK OF SIMILARITY**<br><br>MKR has not established that the mall used in *Dead Rising* is substantially similar to the mall used in DOTD.<br><br>• DOTD: Monroeville mall is located in Monroeville, Pennsylvania and is a contemporary (1970's) mall anchored by JC Penney that includes an ice rink. RJN Ex. 1.<br><br>• *Dead Rising*: Willamette Parkview mall is located in Willamette, Colorado. It is a modern day mega-mall with themed sections, roller coaster, theater, park, supermarket and underground tunnel system. RJN Ex. 4. | |
| (5) Both works "set in motion" by a helicopter that takes characters to the mall | **ELEMENT UNPROTECTABLE**<br><br>(1) Copyright law does not protect basic plot ideas. *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir.1985) ("General plot ideas are not protected by copyright law; they remain forever the common property of artistic mankind"); *Williams v. Crichton*, 84 F.3d 581, 589-590 (2d Cir. 1996); *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1081 (9th Cir. 2006); *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994); *Thomas v. Walt Disney Co.*, 2008 U.S. Dist. LEXIS 14643, *10 (N.D. Cal. Feb. 14, 2008); *Bethea v. Burnett*, 2005 WL 1720631, *11 (C.D. Cal. June 28, 2005).<br><br>(2) Humans fighting zombies, in a confined space, during a zombie outbreak, with use of a helicopter setting key events in motion are stock elements of the zombie genre unoriginal to MKR. Examples of other works in the genre employing these stock elements include *Night of the Living Dead* (survivors barricaded in a farmhouse; rescuers arrive via helicopter); *Night of the* | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising* is "set in motion" by a helicopter that takes characters to the mall as there is:<br><br>(1) No protection for basic plots_____<br><br>(2) No protection for stock elements of genre_____<br><br>(3) No protection for *scenes a faire* _____<br><br>(4) No protection when the idea has merged with the expression_____<br><br>(5) No infringement when the works are not similar_____ |

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| | *Comet* (survivors scavenge for supplies and loot an abandoned mall); *Shaun of the Dead* (survivors barricade themselves in a pub); *Planet Terror* (survivors hide in a restaurant; use helicopter to kill zombies); *28 Days Later* (survivors take refuge and scavenge for supplies in various abandoned locations); *28 Weeks Later* (survivors escape zombie horde via helicopter); *Resident Evil* (game) (survivors hole up in mansion; some escape via helicopter); *Urban Dead* (survivors hide out in resource buildings including a Monroeville Mall). MKR's claimed similarities are stock elements unprotected by copyright. *See Olson v. NBC, Inc*., 752 F.2d 1446, 1451 (9th Cir. 1988); *Bethea*, 2005 WL 1720631, *12, 14; *Dick Clark Co., Inc. v. Alan Landsburg Prods., Inc*., 1985 WL 1077775 (C.D. Cal. June 13, 1985). | |
| | (3) A mall setting, accessed via a helicopter, is an unprotected *scenes a faire* as it naturally flows from the basic plot premise of survivors holing up in a remote and well-stocked location. *See Berkic*, 761 F.2d at 1293; *Rice v. Fox Broad. Co*., 330 F.3d 1170, 1177 (9th Cir. 2003); *Williams*, 84 F.3d at 589; *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 310 (S.D.N.Y. 1999). | |
| | (4) These elements are unprotectable under the merger doctrine as there only a limited number of ways to portray the basic idea of humans battling zombies during a massive zombie outbreak in that this idea requires a large and well-stocked structure. Additionally, travel by helicopter is necessary when the roads have been blocked by security forces. *See Apple Computer, Inc. v. Microsoft Corp*., 35 F.3d 1435, 1444 (9th Cir. 1994); *see also Data East USA, Inc. v. Epyx, Inc*., 862 F.2d 204, 209 (9th Cir. 1998); *Dick Clark*, 1985 WL 1077775, *1, *3. | |
| | **LACK OF SIMILARITY** MKR has not established that the use of the helicopter in the works is substantially similar. • DOTD: The four main characters steal a TV station traffic helicopter and fly over the *state* in attempt to *escape* the zombies, in | |

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| | the *third* scene. RJN Ex. 1.<br><br>• *Dead Rising*: Only one main character is flown by private helicopter over the *city* in attempt to get *to* the zombies, in the *opening* scene. In one ending, the main character escapes the mall via helicopter when it is about to be destroyed by a bomb set off by the special forces. RJN Ex. 4. | |
| (6) Cynical journalist who tries "to figure out the mystery of the zombies" | **ELEMENT UNPROTECTABLE**<br><br>(1) A "cynical journalist" is an unprotectable stock character. *See Benjamin*, 2007 U.S. Dist. LEXIS 91710, *18; *see also Mallery v. NBC Universal, Inc.*, No. 07 Civ. 2250 (DLC), 2007 U.S. Dist. LEXIS 88960, *18 (S.D.N.Y. Dec. 3, 2007).<br><br>(2) Use of a cynical journalist investigating the cause of the zombie outbreak is an unprotected *scenes a faire* as it naturally flows from the basic plot premise of discovering what causes humans to turn into zombies. *See Berkic*, 761 F.2d at 1293; *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1177 (9th Cir. 2003); *Williams*, 84 F.3d at 589; *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 310 (S.D.N.Y. 1999).<br><br>**LACK OF SIMILARITY**<br><br>No characters bear any resemblance to each other in name, appearance, personality, or occupation.<br><br>• DOTD: Stephen (nicknamed "Flyboy") is a *traffic helicopter pilot* who makes no attempt to discover the cause of zombie outbreak, but instead, focuses on surviving and protecting his pregnant girlfriend, Francine. Stephen is killed and re-animates as a zombie. RJN Exs. 1-5.<br><br>• *Dead Rising*: Frank is a Pulitzer-prize seeking *photojournalist* whose goal is to discover the cause of the zombie outbreak and capture it on film. Frank ultimately discovers the cause and escapes the mall via the underground tunnels. RJN Exs. 1-5. | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising* has a character who is a cynical journalist who tries "to figure out the mystery of the zombies" as there is:<br><br>(1) No protection for stock characters_____<br><br>(2) No protection for *scenes a faire* _____<br><br>(3) No infringement when the works are not similar_____ |
| (7) Themes of "mall culture" and "consumerism" | **ELEMENT UNPROTECTABLE**<br><br>(1) MKR's broad themes of "mall culture" and "consumerism" are too abstract to merit copyright. *See Strombeck v. New Line* | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising* has |

[PROPOSED] ORDER GRANTING
CAPCOM'S MOTION TO DISMISS                    9                    CASE NO. CV-08-0904

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| | *Cinema*, 384 F.3d 283, 297 (6th Cir. 2004) (themes like "saving the world, the battle between good and evil, sibling rivalry or familial secrets and issues" are "common themes and ideas throughout literature and are beyond any level of abstraction at which copyright protection might begin to attach"); *see also Benjamin v. Walt Disney Co.*, No. CV 05-2280 GPS (MCx), 2007 U.S. Dist. LEXIS 91710, *12 (C.D. Cal. June 5, 2007); *Identity Arts*, 2007 U.S. Dist. LEXIS 32060, *32-33.<br><br>**LACK OF SIMILARITY**<br><br>The two works have fundamentally different themes.<br><br>• DOTD: The theme is anti-consumerism. Counterclaim at ¶12 & Ex. A at 1.<br><br>• *Dead Rising*: The theme is zombie-slaying. Counterclaim Ex. H at 15. | |
| (8) National Guardsmen patrol the mall's environs | **ELEMENT UNPROTECTABLE**<br><br>(1) A military presence is a *scenes a faire* as it naturally flows from the basic plot premise of trying to control the chaos caused by a zombie uprising. *See Berkic*, 761 F.2d at 1293; *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1177 (9th Cir. 2003); *Williams*, 84 F.3d at 589; *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 310 (S.D.N.Y. 1999).<br><br>(2) The presence of military is a stock element in the zombie genre. Examples of other works in the genre depicting military on patrol during a zombie outbreak include *Night of the Living Dead* (militia looks for survivors); *28 Days Later* (survivors travel to secured location run by British military); *28 Weeks Later* (NATO forces assist survivors); and *Resident Evil* (movie) (group of commandos attempts to escape bunker teeming with zombies). MKR's claimed similarity is a stock element unprotected by copyright. *See Olson*, 752 F.2d at 1451; *Bethea*, 2005 WL 1720631, *12, 14; *Dick Clark Co.,* 1985 WL 1077775.<br><br>**LACK OF SIMILARITY**<br><br>Neither work depicts National Guardsmen | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising* has National Guardsmen patrolling the mall's environs as there is:<br><br>(1) No protection for *scenes a faire* ____<br><br>(2) No protection for stock elements in a genre_____<br><br>(3) No infringement when the works are not similar____ |

Fenwick & West LLP
Attorneys At Law
Mountain View

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| | patrolling the mall's environs.<br><br>• DOTD: military battles zombies in tenement building and various other locations throughout the state, not including the mall. RJN Exs. 1-5.<br><br>• *Dead Rising*: military blocks off roads into city; special forces unit invades mall near end of game in order kill the survivors, not to protect them. RJN Exs. 1-5. | |
| (9) Dialogue reference to "hell" | **ELEMENT UNPROTECTABLE**<br><br>(1) Short phrases cannot be copyrighted. *See* 37 C.F.R. § 202.1(a); *see also Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989); *Identity Arts*, 2007 U.S. Dist. LEXIS 32060, *36 (line "it's coming from the audience" not copyrightable).<br><br>(2) The copying of one line of dialogue during a 127 minute film is insignificant as a matter of law. *See Benjamin*, 2007 U.S. Dist. LEXIS 91710, *13 (that both protagonists confront their estranged husbands and pressure them to sign divorce papers by saying "I have a plane to catch" was "insufficient to show substantial similarity as a matter of law"); *Identity Arts*, 2007 U.S. Dist. LEXIS 32060, *35-36 (that both faux movie trailers featured character saying, in response to sound of ringing cell phone, "it's coming from the audience" was insufficient to support a finding of substantial similarity).<br><br>(3) Referring to zombie apocalypse as "hell" is an unprotected *scenes a faire* as it flows naturally from the basic plot premise of humans rising from the dead. *See Berkic*, 761 F.2d at 1293; *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1177 (9th Cir. 2003); *Williams*, 84 F.3d at 589; *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 310 (S.D.N.Y. 1999). | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising*'s dialogue uses the word "hell" as there is:<br><br>(1) No protection for a short phrase ____<br><br>(2) No protection for one line of dialogue ____<br><br>(3) No protection for *scenes a faire*<br><br>(4) No infringement when the works are not similar ____ |

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| | **LACK OF SIMILARITY**<br><br>The line is *not quoted* in Dead Rising:<br><br>• DOTD: "When there is no more room in hell, the dead will walk the earth."<br><br>• *Dead Rising*: "This, my friend, is hell." RJN Exs. 1, 3-5. | |
| (10) Zombies wear plaid shirts | **ELEMENT UNPROTECTABLE**<br><br>(1) Plaid shirts were notably used at the end of *Night of the Living Dead*. This character depiction is not original to MKR and they cannot take a copyright in it. *See* RJN Ex. 14; *Feist Publ'ns, Inc.*, 499 U.S. at 345.<br><br>(2) An item of clothing, without more cannot support a finding of substantial similarity, even as to characters. *See Warner Bros., Inc. v. American Broadcasting Cos.*, 654 F.2d 204, 209 (2d Cir. N.Y. 1981) (Superman character not infringed even though both characters wore "tight acrobatic costumes"). | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising*'s depicts a zombie wearing a plaid shirt as there is:<br><br>(1) No protection in the absence of originality ____<br><br>(2) No protection for a use of similar clothing _____ |
| (11) Creative use of items to kill zombies | **ELEMENT UNPROTECTABLE**<br><br>(1) Copyright law does not protect basic plot ideas. *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir.1985) ("General plot ideas are not protected by copyright law; they remain forever the common property of artistic mankind"); *Williams v. Crichton*, 84 F.3d 581, 589-590 (2d Cir. 1996); *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1081 (9th Cir. 2006); *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994); *Thomas v. Walt Disney Co.*, 2008 U.S. Dist. LEXIS 14643, *11 (N.D. Cal. Feb. 14, 2008); *Bethea v. Burnett*, 2005 WL 1720631, *11 (C.D. Cal. June 28, 2005).<br><br>(2) Creative use of items to kill zombies is a stock element of the zombie genre unoriginal to MKR. Examples of other | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising*'s characters creatively use items to kill zombies as there is:<br><br>(1) No protection for a basic plot idea ____<br><br>(2) No protection for a stock element of a genre_____<br><br>(3) No protection for *scenes a faire*<br><br>(4) No infringement when the works are not similar____ |

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| | works in the genre employing these stock elements include *Night of the Living Dead* (survivors use gas pump to kill zombies); *Shaun of the Dead* (survivors make fire bombs out of bar's liquor supply); *Planet Terror* (helicopter used to kill zombies). MKR's claimed similarities are stock elements unprotected by copyright. *See Olson v. NBC, Inc.*, 752 F.2d 1446, 1451 (9th Cir. 1988); *Bethea*, 2005 WL 1720631, *12, 14; *Dick Clark Co., Inc. v. Alan Landsburg Prods., Inc.*, 1985 WL 1077775 (C.D. Cal. June 13, 1985).<br><br>(3) Creative use of everyday items is an unprotected *scenes a faire* as it flows naturally from the basic plot premise of humans rising from the dead. *See Berkic*, 761 F.2d at 1293; *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1177 (9th Cir. 2003); *Williams*, 84 F.3d at 589; *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 310 (S.D.N.Y. 1999).<br><br>**LACK OF SIMILARITY**<br><br>The items used by survivors to kill zombies are very different.<br><br>• DOTD: Zombies typically killed with typical weapons such as guns and knives. Occasionally, tools and propane tanks are also used.<br><br>• *Dead Rising*: Hundreds of items ranging from lawnmowers, soccer balls, mannequins (either whole or separate limbs), umbrellas, benches, and cash registers can be used to kill zombies. | |
| (12) Motorcycle gang members | **LACK OF SIMILARITY**<br><br>There is no substantial similarity between *Dead Rising* and DOTD as to the depiction of motorcycle gang members as a motorcycle gang is not depicted in *Dead Rising*.<br><br>• DOTD: A gang of bikers invades mall near the end of the movie with the intent of looting, battles the survivors for control of the mall (during which the zombies milling | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising*'s depicts motorcycle gang members as there is:<br><br>(1) No infringement when the works are not similar____ |

| Claimed Similarity At Issue: | Grounds for Dismissal | Motion to Dismiss Rulings |
|---|---|---|
| | around outside gain entrance), and Stephen and many of the bikers are killed.<br><br>• *Dead Rising*: Does not feature any gang members, much less on motorcycles. Nor does Frank battle any other survivors for control of the mall. RJN at Exs. 1-5. | |
| (13) Use of "Musak" | **ELEMENT UNPROTECTABLE**<br><br>(1) MKR does not hold a copyright in a music genre.<br><br>2) The use of "Musak," or elevator music, in a work involving a mall is an unprotected *scenes a faire* because it is by definition background music designed for playing in public locations like shopping malls. *See Berkic*, 761 F.2d at 1293; *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1177 (9th Cir. 2003); *Williams*, 84 F.3d at 589; *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 310 (S.D.N.Y. 1999).<br><br>**LACK OF SIMILARITY**<br><br>MKR has not established that the music used in *Dead Rising* is substantially similar to that used in DOTD as different styles of music are used in the two works. *Compare* RJN Ex. 1 with RJN Ex. 4. | MKR cannot support finding of substantial similarity on the grounds that *Dead Rising*'s uses "Musak" as there is:<br><br>(1) No protection for an entire genre of music ____<br><br>(2) No protection for *scenes a faire*<br><br>(3) No infringement when the works are not similar____ |

## II. MKR'S SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE LANHAM ACT

MKR's second counterclaim for violations of the Lanham Act fails to state a claim in that it cannot establish, as a matter of law, that Capcom's *Dead Rising* video game or its attendant packaging is likely to cause confusion between *Dead Rising* and DOTD. The gravamen of this claim is that consumers associate zombies in a mall with MKR and as a result view MKR as authoring, authorizing, or sponsoring *Dead Rising*. In order to plead a cognizable Lanham Act claim, the alleged consumer confusion must be directed to the source of the tangible good and not to the originator or creator of the ideas contained therein. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31-32 (2003); *Felix the Cat Prods., Inc. v. New Line Cinema*, 2000 U.S. Dist. LEXIS 21763, *10 (C.D. Cal. Apr. 28, 2000); *see also Dawn Assoc. v. Links*, 1978 U.S.

1   Dist. LEXIS 15245, *16 (N.D. Ill. Sept. 28, 1978) (finding that Mr. Romero is viewed as the

2   source of DOTD and not MKR's predecessor in interest).

3         MKR's claim is not salvaged by its assertion of rights in the Zombie Head logo, the title

4   "George A. Romero's Dawn of the Dead" in a disclaimer, or the inclusion of the word "dead" in

5   *Dead Rising*'s title.  First, *Dead Rising*'s packaging does not contain an imitation, colorable or

6   otherwise, of the Zombie Head logo.  Thus MKR has not met the statutory requirement that its

7   mark is in fact "used" by Capcom.  *See* 15 U.S.C. § 1114; *c.f. Marvel Enters., Inc. v. NCSoft*

8   *Corp.*, 2005 U.S. Dist. LEXIS 8448, *11-12 (C.D. Cal. Mar. 9, 2005) (where the defendant's

9   mark is fundamentally dissimilar trademark infringement claim should be dismissed).

10        Second, Capcom's reference to "George A. Romero's Dawn of the Dead" is, as a matter

11  of law, nonactionable as a nominative fair use.  *See In re Dual-Deck Video Cassette Recorder*

12  *Antitrust Litig.*, 11 F.3d 1460, 1466-67 (9th Cir. 1993) (affirming Rule 12(b)(6) dismissal of

13  trademark infringement claim on fair use grounds).  Capcom clearly meets the test set forth by the

14  Ninth Circuit in *New Kids on the Block v. News America Pub., Inc.,* 971 F.2d 302, 306 (9th Cir.

15  1992):  DOTD cannot be readily identified without reference to its trademarked name; there is no

16  more concise way to refer to the film than by its title; and, by using the title in a disclaimer

17  Capcom has affirmatively disavowed any sponsorship or endorsement by MKR.  *Id.* at 308; *see*

18  *also Mattel v. Walking Mt. Prods.*, 353 F.3d 792, 811 (9th Cir. 2003); *Cairns v. Franklin Mint*

19  *Co.*, 292 F.3d 1139, 1154-1155 (9th Cir. 2002).

20        Third, use of the work "dead" in *Dead Rising*'s title cannot infringe MKR's trademark

21  rights as a finding of infringement would encroach upon Capcom's First Amendment rights.

22  Only titles with "no artistic relevance to the underlying work whatsoever or, if it has some artistic

23  relevance, unless the title explicitly misleads as to the source or content of the work."  *Rogers v.*

24  *Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989).  As Capcom's title relates to the zombie theme of the

25  underlying work and does not explicitly mislead consumers as to the source of the work, any

26  claim based on the title must be dismissed.  *Woodard v. Jackson*, 2004 U.S. Dist. LEXIS 6292,

27  *24-25 (S.D. Ind. Mar. 25, 2004).  Moreover "it is well-settled that 'when less than the whole of a

28  plaintiff's mark is used by a defendant, in order to sustain a charge of infringement, it must

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

appear that the part . . . taken identifies the owner's product without the rest.'" *Nat'l Distillers Prods. Co., LLC v. Refreshment Brands, Inc.*, 198 F. Supp. 2d 474, 486 (S.D.N.Y. 2002) *quoting Caron Corp. v. Ollendorff*, 160 F.2d 444, 445 (2d Cir. 1947).

### III.    MKR'S THIRD CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE AND FOURTH CAUSE OF ACTION FOR VIOLATION OF THE COMMON LAW

MKR's state law claims are entirely congruent to its Lanham Act and copyright claim. Having failed to state a claim under either federal statutory scheme, the state law claims also fail. *Cleary v. News Corp.,* 30 F.3d 1255, 1263 (9th Cir. 1994); *Jacobsen v. Katzer*, 2007 U.S. Dist. LEXIS 63568, *6 (N.D. Cal. Aug. 17, 2007) *quoting G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.,* 958 F. 2d 896, 904 (9th Cir. 1992).

Accordingly, Capcom's motion to dismiss is granted. All claims in MKR's Amended Counterclaims and Third-Party Complaint are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: _____, 2008

The Honorable Richard Seeborg
United States Magistrate Judge